(C. D. 503)

Hopes Windows, Inc. *v.* United States

United States Customs Court, Second Division

(Decided May 23, 1941)

*Puckhafer, Rode & Rode* (*Howard C. Carter* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation

invoiced as "50. 18" Leggotts System Fanlight Opener Iron with Chain Wheel" and "4 only Worms Chain Pulley and Chain guide parts of above." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at only 27½ per centum ad valorem under paragraph 372 of said act as machines and parts thereof not specially provided for.

At the hearing, held at New York on March 10, 1941, the plaintiff offered in evidence a representative sample of the imported merchandise which was admitted in evidence as illustrative exhibit 1, and a drawing showing a plan of the device in position and use which was admitted in evidence as illustrative exhibit A. In addition to the exhibits, the plaintiff offered in evidence the testimony of Robert W. Hewes, a salesman in the employ of Hopes Windows, Inc., the plaintiff herein, who testified that he was thoroughly familiar with the device constituting the imported merchandise at bar and with its method of operation. Certain letters were written on illustrative exhibit A by the witness for the purpose of explaining his testimony. He then testified that the device in question is used to open a window or transom; that the part marked "S" is attached to the stationary part of the transom; that the bracket "B" is attached to the part of the sash which opens; that when the cord "C" is pulled the wheel "W" rotates causing rotation of the worm gear "WG" which in turn engages a sprocket or gear "SG" which, in turn, engages and travels on the rack "R"; that as the sprocket "SG" travels on the rack "R" the window opens or closes; and that the force applied to the cord is in a vertical direction, while that exerted on the window by this device is in a horizontal direction.

Upon this record it is evident that the device in question is a mechanical contrivance which utilizes and applies energy or force for the transmission of motion. The force applied to the cord is transmitted through a pulley and gear train of three gears to open or close a transom or window.

Upon the established facts and the law applicable thereto we hold the articles described as aforesaid on the invoice to be properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as machines and parts thereof not specially provided for, as alleged by the plaintiff. *Simon, Buhler & Baumann (Inc.) v. United States*, 8 Ct. Cust. Appls. 273, T. D. 37537. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.